UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DARREN GREEN,

        Plaintiff,

v.                                                   Case No. 18-cv-00038

MADISON METROPOLITAN SCHOOL DISTRICT,
JOHN HAGEN and ERIC KESTIN,

        Defendants.

---

ANSWER TO COMPLAINT
AND AFFIRMATIVE DEFENSES

---

NOW COMES Defendants, Madison Metropolitan School District, John Hagen and Eric Kestin ("Defendants"), by their attorneys, Lindner & Marsack, S.C., and as for its Answer to the Complaint in the above-captioned case, admit, deny, and aver as follows:

**NATURE OF ACTION**

101.    Answering Paragraph 101 of the Complaint, admit that this is an action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as well as under the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, as enforced under 42 U.S.C. § 1983; but deny the allegation that Defendants discriminated against Plaintiff or any inference that they violated any of the cited statutory or Constitutional provisions.

## JURISDICTION & VENUE

201.   Answering Paragraph 201 of the Complaint, aver that Defendants cannot confer jurisdiction by admission, and therefore deny same.

202.   Answering Paragraph 202 of the Complaint, admit that venue is appropriate; deny any inference that any unlawful employment practice actually occurred as alleged.

## PARTIES

301.   Answering Paragraph 301 of the Complaint, admit the allegations on information and belief.

302.   Answering Paragraph 302 of the Complaint, admit the allegations contained therein.

303.   Answering Paragraph 303 of the Complaint, aver that Defendant's name is actually spelled John Hagen; subject to that revision, admit the allegations contained therein.

304.   Answering Paragraph 304 of the Complaint, deny the allegations contained therein; aver that Kestin's job title was Affirmative Action Officer / Title IX Investigator / Contract Compliance Coordinator.

## ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION

401.   Answering Paragraph 401 of the Complaint, admit the allegations contained therein.

402.   Answering Paragraph 402 of the Complaint, admit that Plaintiff's wife is an administrator with the Madison Metropolitan School District; lack sufficient knowledge as to when and/or why Plaintiff moved to Madison, and therefore denies same.

403. Answering Paragraph 403 of the Complaint, admit the allegations on information and belief.

404. Answering Paragraph 404 of the Complaint, admit that Plaintiff started at Stephen Elementary School in August 2014; aver that Plaintiff was assigned to work at Van Hise Elementary School and Hamilton Middle School around the start of the 2014-2015 school year; aver that Plaintiff was transferred to West High School effective October 6, 2014; aver that Plaintiff applied for and was transferred to Olson Elementary School and Chavez Elementary School effective January 19, 2015; aver that his rate of pay during the material times hereto was $16.42 per hour; aver that Plaintiff did not sustain a wage loss.

405. Answering Paragraph 405 of the Complaint, admit the allegations contained therein.

406. Answering Paragraph 406 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same; admit that Plaintiff was assigned to work at Van Hise Elementary School and Hamilton Middle School around the start of the 2014-2015 school year.

407. Answering Paragraph 407 of the Complaint, admit that on September 15, 2014, Ferry approached Plaintiff and advised him that a teacher had reported that Plaintiff failed to fill a paper towel dispenser.

408. Answering Paragraph 408 of the Complaint, deny the allegations contained therein.

409. Answering Paragraph 409 of the Complaint, admit the allegations contained therein.

410. Answering Paragraph 410 of the Complaint, admit that Hagen approached Plaintiff in the hallway about his alleged failure to install the paper towels; admit that Plaintiff asserted that he had installed the paper towels; deny that Plaintiff was being truthful.

411. Answering Paragraph 411 of the Complaint, admit the allegations contained therein.

412. Answering Paragraph 412 of the Complaint, deny the allegations contained therein; aver that Ridderbusch was asked to review Plaintiff once or twice per week, as Plaintiff was a probationary employee; aver that non-probationary employees were generally reviewed approximately once per month.

413. Answering Paragraph 413 of the Complaint, deny the allegations contained therein.

414. Answering Paragraph 414 of the Complaint, lack sufficient knowledge as to the allegations contained therein.

415. Answering Paragraph 415 of the Complaint, deny the allegations contained therein; aver that Hagen would periodically stop by all of his assigned schools to ensure that custodians were performing their assigned duties and working efficiently.

416. Answering Paragraph 416 of the Complaint, deny the allegations contained therein.

417. Answering Paragraph 417 of the Complaint, deny the allegations contained therein.

418. Answering Paragraph 418 of the Complaint, admit that Donna McGuire complained that Plaintiff was spending too much time around her classroom and was making

4

unwelcome advances toward her; deny that she "falsely accused" Plaintiff of making inappropriate advances.

419. Answering Paragraph 419 of the Complaint, admit the allegations contained therein.

420. Answering Paragraph 420 of the Complaint, deny the allegations contained therein; aver that as a result of the initial meeting, Plaintiff was advised to stay away from McGuire (not all teachers).

421. Answering Paragraph 421 of the Complaint, deny the allegations contained therein; aver that after McGuire made another complaint, Plaintiff requested a transfer away from Van Hise Elementary School.

422. Answering Paragraph 422 of the Complaint, admit that Hagen informed Plaintiff that he was being transferred to West High School to provide him with a broader range of experience as a custodial worker; deny that this was a lie, as it was true that the transfer provided Plaintiff with a broader range of experience; aver that Hagen was not in a position to know why Plaintiff was being transferred to West High School.

423. Answering Paragraph 423 of the Complaint, admit the allegations contained therein.

424. Answering Paragraph 424 of the Complaint, admit the allegations contained therein.

425. Answering Paragraph 425 of the Complaint, admit that Goldsby observed from the first day that Plaintiff was very thorough and knowledgeable; deny that Goldsby told Plaintiff about his observations.

5

426. Answering Paragraph 426 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

427. Answering Paragraph 427 of the Complaint, admit that Hagen directed Goldsby to inspect Plaintiff twice per week; aver that this was a standard instruction given for custodial workers during their probationary period.

428. Answering Paragraph 428 of the Complaint, deny the allegations contained therein.

429. Answering Paragraph 429 of the Complaint, deny the allegations contained therein.

430. Answering Paragraph 430 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

431. Answering Paragraph 431 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

432. Answering Paragraph 432 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

433. Answering Paragraph 433 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

434. Answering Paragraph 434 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

435. Answering Paragraph 435 of the Complaint, deny the allegations contained therein on the basis that they are vague as to time and substance.

436. Answering Paragraph 436 of the Complaint, deny the allegations contained therein.

437. Answering Paragraph 437 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

438. Answering Paragraph 438 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

439. Answering Paragraph 439 of the Complaint, deny the allegations contained therein; aver that Hagen instructed Goldsby to inspect Plaintiff twice per week, which was standard for custodial workers during their probationary period.

440. Answering Paragraph 440 of the Complaint, deny the allegations contained therein.

441. Answering Paragraph 441 of the Complaint, deny the allegations contained therein.

442. Answering Paragraph 442 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

443. Answering Paragraph 443 of the Complaint, deny the allegations contained therein.

444. Answering Paragraph 444 of the Complaint, deny the allegations contained therein; aver that Hagen would periodically stop by the schools to ensure that custodians were performing their assigned duties and working efficiently; lack sufficient knowledge as to Plaintiff's perception of Hagen's conduct, and therefore denies same.

445. Answering Paragraph 445 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

446. Answering Paragraph 446 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

447. Answering Paragraph 447 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

448. Answering Paragraph 448 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

449. Answering Paragraph 449 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

450. Answering Paragraph 450 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

451. Answering Paragraph 451 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

452. Answering Paragraph 452 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

453. Answering Paragraph 453 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

454. Answering Paragraph 454 of the Complaint, admit the allegations contained therein.

455. Answering Paragraph 455 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

456. Answering Paragraph 456 of the Complaint, admit that Plaintiff was reassigned to Olson Elementary School and Chavez Elementary School effective January 19, 2015; deny any inference that this transfer was related to what Ihler allegedly observed; aver that Plaintiff requested and applied for the transfer.

457. Answering Paragraph 457 of the Complaint, admit the allegations contained therein.

458. Answering Paragraph 458 of the Complaint, admit that Plaintiff met with Robert Darm; deny that he complained of "racial harassment."

459. Answering Paragraph 459 of the Complaint, admit that Plaintiff spoke to Tepp during the week of January 26-30, 2015, and expressed that he was having problems with Hagen and that she sent Plaintiff a link to the complaint form.

460. Answering Paragraph 460 of the Complaint, admit that a meeting was held on February 2, 2015; aver that the meeting was attended by Plaintiff, Hagen and Tepp; deny the allegation that Hagen admitted the things that Plaintiff said he was doing; deny any reaming allegations.

461. Answering Paragraph 461 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

462. Answering Paragraph 462 of the Complaint, deny the existence of any discriminatory acts or uniquely intense levels of scrutiny, criticism and hostility; lack sufficient knowledge as to Plaintiff's perception of the alleged conduct, and therefore denies same.

463. Answering Paragraph 463 of the Complaint, lack sufficient knowledge as to Plaintiff's characterization of his personality, and therefore denies same.

464. Answering Paragraph 464 of the Complaint, lack sufficient knowledge as to Plaintiff's characterization of his personality, and therefore denies same.

465. Answering Paragraph 465 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

466. Answering Paragraph 466 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

467. Answering Paragraph 467 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

468. Answering Paragraph 468 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

469. Answering Paragraph 469 of the Complaint, admit the allegations contained therein.

470. Answering Paragraph 470 of the Complaint, lack sufficient knowledge as to the allegations contained therein, and therefore denies same.

471. Answering Paragraph 471 of the Complaint, admit the allegations contained therein; aver that Kestin's job title was Affirmative Action Officer / Title IX Investigator / Contract Compliance Coordinator.

472. Answering Paragraph 472 of the Complaint, admit that Kestin drafted a report dated May 18, 2015.

473. Answering Paragraph 473 of the Complaint, admit the allegations contained therein; aver that Kestin's full findings are contained in his May 18, 2015, report.

474. Answering Paragraph 474 of the Complaint, admit the allegations contained therein; aver that Kestin's full findings are contained in his May 18, 2015, report.

475. Answering Paragraph 475 of the Complaint, admit the allegations contained therein; aver that the number of inspections performed on the two white custodial workers (29) was almost identical to the number of inspections performed on the two African American custodial workers (30).

476. Answering Paragraph 476 of the Complaint, admit that a portion of the report is cited in this paragraph; aver that the complete conclusion of Kestin concerning the alleged comment is contained in his May 18, 2015, report.

477. Answering Paragraph 477 of the Complaint, admit that a portion of Kestin's report is cited in this paragraph; aver that the complete conclusion of Kestin is contained in his May 18, 2015, report.

478. Answering Paragraph 478 of the Complaint, admit that a portion of Kestin's report is cited in this paragraph; aver that the complete conclusion of Kestin is contained in his May 18, 2015, report.

479. Answering Paragraph 479 of the Complaint, admit that a portion of Kestin's report is cited in this paragraph; aver that the complete conclusion of Kestin is contained in his May 18, 2015, report.

480. Answering Paragraph 480 of the Complaint, admit that a letter was sent to Plaintiff from Jennifer Cheatham on June 1, 2015; deny the allegations relating to the substance of the letter; aver that the substance of the letter speaks for itself.

481. Answering Paragraph 481 of the Complaint, deny the allegations contained therein.

## BASES OF LIABILITY

501. Answering Paragraph 501 of the Complaint, deny the allegations contained therein.

502. Answering Paragraph 502 of the Complaint, deny the allegations contained therein.

503. Answering Paragraph 503 of the Complaint, deny the allegations contained therein.

504. Answering Paragraph 504 of the Complaint, deny the allegations contained therein.

505. Answering Paragraph 505 of the Complaint, deny the allegations contained therein.

## DAMAGES AND EQUITY

601. Answering Paragraph 601 of the Complaint, deny the allegations contained therein.

602. Answering Paragraph 602 of the Complaint, deny the allegations contained therein.

603. Answering Paragraph 603 of the Complaint, deny the allegations contained therein.

## CONDITIONS PRECEDENT

701. Answering Paragraph 701 of the Complaint, deny the allegations contained therein.

## REQUEST FOR JURY TRIAL

801. Answering Paragraph 801 of the Complaint, assert that no response is required to Plaintiff's request for a jury trial.

## **AFFIRMATIVE DEFENSES**

1. The complaint fails to state a claim upon which relief may be granted.

2. Plaintiff failed to mitigate his damages, if any.

3. Plaintiff's claim is barred in whole, or in part, by the applicable statute of limitations.

4. Plaintiff's complaint, in whole or in part, is barred by the equitable claims of laches, estoppel, waiver and unclean hands.

5. That Plaintiff failed to satisfy conditions precedent to filing suit.

6. Any actions toward Plaintiff were taken for legitimate, non-discriminatory reasons.

7. That Defendants, at all times relevant, acted in good faith and therefore did not act with malice or with reckless disregard for Plaintiff's federally protected rights.

8. That no allegations of discrimination and/or harassment occurred within 300 days prior to Plaintiff filing a complaint with the EEOC, and therefore his allegations are untimely under Title VII.

9. That Plaintiff did not suffer an adverse employment action, and was not subject to a hostile work environment on account of his race or color.

10. That Plaintiff did not suffer an actionable tangible employment action.

11. That Defendants took prompt remedial action to remedy any alleged harassment under *Ellerth* and *Faragher*, as evidenced by the fact there are no allegations of harassment after Plaintiff filed a complaint with Defendant MMSD.

12. That no implied private right of action exists against state actors under 42 U.S.C. § 1981.

13. That Defendant did not engage in intentional discrimination in violation of 42 U.S.C. § 1981 or 42 U.S.C. § 1983.

14. That Defendants, to the extent they are being sued in their individual capacities, are entitled to qualified and/or absolute immunity.

15. Plaintiff's claims are subject to all limitations on recovery of damages as set forth under applicable federal law, including 42 U.S.C. § 1981a.

16. That no punitive damages may be awarded against a municipal employer or a school district.

17. Defendants reserve the right to add additional affirmative defenses, the factual basis of which may be revealed during discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants request that the Court dismiss Plaintiff's complaint upon the merits, with prejudice and with full judgment costs and disbursements taxable herein.

Dated this 20th day of March, 2018.

Respectfully Submitted,

**LINDNER & MARSACK, S.C.**

/s/ Oyvind Wistrom
Oyvind Wistrom
Wisconsin State Bar No. 1024964
Samantha J. Wood
Wisconsin State Bar No. 1091367
411 E. Wisconsin Avenue, Suite 1800
Milwaukee, WI 53202-4498
Telephone: (414) 273-3910
Fax: (414) 273-0522
owistrom@lindner-marsack.com
swood@lindner-marsack.com

*Counsel for Defendants*